UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THOMAS C. CALLAHAN,                           )
                                              )
              Plaintiff                       )
                                              )
v.                                            )          Docket No. 04-261-P-S
                                              )
JO ANNE B. BARNHART,                          )
Commissioner of Social Security,              )
                                              )
              Defendant                       )

REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge improperly relied on the answer of a vocational expert to an incomplete or erroneous hypothetical question.  I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was status post left above-the-knee amputation and had degenerative joint disease of the cervical spine, impairments that were severe but did not meet or medically equal the criteria of any impairments included in Appendix 1 to Subpart P, 40 C.F.R. Part 404 (the "Listings"), Findings 3-4, Record at 19; that his allegations concerning his limitations were not totally credible, Finding 5, *id*.; that the plaintiff retained the residual functional capacity to perform

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted his administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on June 2, 2005, (*continued on next page*)

a wide range of work at the sedentary level of exertion, Finding 6, *id*.; that the plaintiff's limitations prevent him from performing his past relevant work, Finding 7, *id*.; that, given his age (43, a "younger individual"), education (GED), transferable skills and residual functional capacity, use of sections 202.20 and 201.26 of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making leads to the conclusion that there are a significant number of jobs in the national economy that the plaintiff could perform, including auto counter clerk, parking lot attendant and hand packer, Findings 8-11, *id*. at 19-20; and that the plaintiff was therefore not under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 12, *id*. at 20.   The Appeals Council declined to review the decision, *id*. at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the

---

pursuant to Local Rule 16.3(a0(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### Discussion

The plaintiff states the sole issue pressed on appeal as follows: "whether or not the Administrative Law Judge gave the Vocational Expert a deficient hypothetical (Record 43-44)." Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 7).  The question at issue was transcribed as follows:

> I'd like you to consider, for purposes of a hypothetical, that we have an individual same age, educational background, and vocational history of this gentleman, that such a person would retain the (INAUDIBLE) former work at the levels indicated in Exhibit 14-F and (INAUDIBLE) for your convenience review.  When you're (INAUDIBLE) let me know, and I'll continue with the hypothetical.  Thank you.  Okay.  It's clear from the limitations that the past work would be precluded primarily by reason of the standing/walking limitations, is that correct?

Record at 43-44.  Exhibit 14F is an assessment of physical residual functional capacity completed by a physician reviewer at the state disability agency.  Record at 241-48.

The  plaintiff characterizes this question as "incomprehensible."  Itemized Statement.  If he means this characterization to provide the grounds for remand, I have no trouble concluding that a reasonable person reading the transcript, and certainly one who, like the plaintiff and his counsel, was present at the hearing, would be able to comprehend it.  The first "inaudible" is most likely the words "skills of" or "transferable skills of," since the administrative law judge had asked the vocational expert immediately before asking the question above whether the plaintiff's skills from his past work would be transferable.  Record at 42-43.  The second "inaudible" is most likely words to the effect of "here is a copy."  At oral argument, counsel for the commissioner suggested that this "inaudible" could be "Exhibit 13F."  Exhibit 13F is a Psychiatric Review Technique Form completed by a state-agency reviewer.  The third "inaudible" could only be the word "finished."  At oral argument  counsel for the

3

plaintiff agreed only with the proposed insertion for the third "inaudible," contending that the other missing material "could be anything."  Whatever the missing words,  the transcription provides no basis for remand.

The plaintiff asserts that the hypothetical question quoted above "does not contain all of the claimant's limitations developed at the Hearing."  Itemized Statement.  At oral argument, counsel for the plaintiff stated that the missing limitations were the significant pain suffered by the plaintiff while using his prosthesis and the "incredible" amount of time required to have the prosthesis adjusted.[2] Such limitations were not included in the first hypothetical question posed to the vocational expert by the administrative law judge.  However, the administrative law judge posed a second hypothetical question to the vocational expert in which he asked her to

> accept as fully credible the testimony offered by this gentleman, as to the limitations he has for reason of the impairments he suffers and that I find it supported by the objective medical evidence.  It seems to me his indications that he would have to be out of work for the degree and frequency he's indicated by reason of his prosthetic difficulties and having to have it fitted and interfering with his ability to ambulate and, and other problems related to that, the problems that he has with the pain that he has, interfering with his attention, concentration, persistence, and pace, and his need to remove himself from availability to work (INAUDIBLE) in response to the problems that he was having.  All those things would prevent him from doing, not only the work you've indicated, but all work, is that correct?

Record at 44-45.  The administrative law judge clearly did ask a hypothetical question that included the limitations identified by the plaintiff's counsel at oral argument.  This fact compels the conclusion that the plaintiff's alleged error, as presented, simply did not occur.

---

[2] The plaintiff's statement of errors did not comply with this court's Local Rule 16.3(a)(2)(A).  It was only during oral argument that the limitations at issue were identified to the court and counsel for the commissioner.  Counsel for the commissioner chose to rely on the oral argument he was able to make after being informed for the first time of the specific elements of the plaintiff's claim.  Counsel for the plaintiff is nonetheless on notice that such a conclusory document is not acceptable as the itemized statement of errors required under the local rule.

It is possible that counsel meant to contend that the administrative law judge should have chosen to base his decision on the second hypothetical question, to which the vocational expert answered, "That's correct," *id*. at 45, rather than the first hypothetical question.  However, such an argument founders on counsel's assertion at oral argument that there was no medical evidence to support the plaintiff's testimony concerning the pain caused by the prosthesis and the time required to have it fitted successfully.  Counsel contended that the plaintiff's testimony alone was sufficient evidence.  The administrative law judge found that this testimony was not consistent with the medical evidence in the record.  *Id*. at 18.  The plaintiff's presentation, on paper and at oral argument, made no attempt to dispute this conclusion.  In assessing whether pain restricts the ability to work, an administrative law judge must first determine whether there is a clinically determinable medical impairment that could reasonably be expected to produce the pain alleged.  *Avery v. Secretary of Health & Human Servs*., 797 F.2d 19, 21 (1st Cir. 1986).  Assuming *arguendo* that the medical evidence disavowed by counsel does exist in the record to show that the amputation was a clinically determinable medical impairment that could reasonably be expected to produce the pain about which the plaintiff testified, the administrative law judge adequately discussed the factors to be considered when a claimant's allegations of pain are not found to be fully credible, as was the case here.  Record at 16, 18-19.  *See* Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 135.  In addition, the plaintiff's testimony concerning the time involved in making adjustments to his prosthesis, Record at 34-38, cannot reasonably be construed as asserting that such time-consuming adjustments are constantly necessary, as opposed to having occurred during the year immediately preceding his testimony due to his having "just switched legs," *id*. at 37.  Furthermore, there is no medical evidence supporting the plaintiff's assertions about the need to have the prosthesis adjusted whenever he gains weight or for any other reason.

**Conclusion**

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

6